Edmond Lee Fuller
11085-002
FCI Manchester
P.O. Box 3000
Manchester, Kentucky 40962

RECEIVED

2005 MAY 31  P 1: 27

[illegible stamp]

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF ALABAMA

### NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. *2:05cv512-T* |
| **Plaintiff-Respondent,** | CR NO. 02-0137-N |
| **vs** | |
| **EDMOND LEE FULLER,** | **MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.** |
| **Defendant-Petitioner.** | |

---

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, WITH ATTACHED SUPPLEMENT/MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**

---

*Edmond Fuller*

Edmond Lee Fuller, pro se

AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District Middle District of Alabama, Montgomery | |
|---|---|---|
| Name of Movant  Edmond Lee Fuller | Prisoner No. 11085-002 | Case No. 02CR0137-N |
| Place of Confinement  FCI Manchester P.O. Box 3000 Manchester, KY 40962 | | |

UNITED STATES OF AMERICA              V.    **EDMOND LEE FULLER**

(name under which convicted)

### MOTION

1. Name and location of court which entered the judgment of conviction under attack  United States District Court for the Middle District of Alabama 1 Church Street Montgomery, AL 36104-4018

2. Date of judgment of conviction  June 24, 2004

3. Length of sentence  140 Months

4. Nature of offense involved (all counts)  21 U.S.C. § 841(a)(1); Distributing/Possessing with intent to distribute cocaine hydrochloride

5. What was your plea?  (Check one)
   (a) Not guilty   ☐
   (b) Guilty   ☒
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   Count Two overlapped and was dismissed in exchange for plea to Count One

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury   ☐
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐      No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐      No ☒

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

 (a) Name of court _____

 (b) Result _____

 (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

 Yes ☐     No ☒

11. If your answer to 10 was "yes," give the following information:

 (a) (1) Name of court _____

  (2) Nature of proceeding _____
  _____

  (3) Grounds raised _____
  _____
  _____
  _____
  _____
  _____

  (4) Did you receive an evidentiary hearing on your petition, application or motion?

   Yes ☐     No ☐

  (5) Result _____

  (6) Date of result _____

 (b) As to any second petition, application or motion give the same information:

  (1) Name of court _____

  (2) Nature of proceeding _____
  _____

  (3) Grounds raised _____
  _____
  _____
  _____
  _____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
   (1) First petition, etc.              Yes ☐         No ☐
   (2) Second petition, etc.             Yes ☐         No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self–incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.    Ground one: Sixth Amendment Violation; Ineffective Assistance of Counsel

Supporting FACTS (state *briefly* without citing cases or law)

Counsel failed to adequately defend Defendant at sentencing and failed to file a timely Notice of Appeal so that relief from the Breached Plea Agreement and Enhanced Sentence could be sought. Case law regarding drug amounts and lack of jury finding on drug amounts existed at the time Petitioner was sentenced. However, counsel failed to present existing case law which would have benefited his client.     **PLEASE SEE ATTACHED SUPPLEMENT TO 2255**

B.    Ground two: Fifth Amendment Violation; Due Process; Breach of Plea Agreement

Supporting FACTS (state *briefly* without citing cases or law) Defendant-Petitioner entered into a plea agreement wherein the government, in exchange for a plea of guilty to Count One, agreed that "...the quantity of cocaine hydrochloride for which Defendant should be held criminally responsible for in Count 1 is three kilograms." The government also agreed not to "...indict or otherwise charge Defendant with conduct discussed during plea negotiations..."
                    **PLEASE SEE ATTACHED SUPPLEMENT TO 2255**

C.    Ground three: Fifth and Sixth Amendment Violations; Due Process; Lack of Jury Finding

Supporting FACTS (state *briefly* without citing cases or law) The government and Defendant agreed that the amount of drugs for which Fuller was responsible was 3 kilograms of cocaine Hydrochloride and that, in exchange for a plea of guilty, no other charges for conduct discussed during the plea negotiation or proffer sessions would be brought. However, Fuller's sentence was enhanced and his sentence substantially increased based on the testimony in a

AO 243 (Rev. 2/95)

"related case" wherein Defendant Samuel Baldwin, in exchange for leniency, said he purchased

300 kilograms of cocaine from Fuller.   **PLEASE SEE ATTACHED SUPPLEMENT TO 2255**

D.    Ground four: _N/A_

Supporting FACTS (state *briefly* without citing cases or law)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: Grounds One, Two and Three were not previously

presented due to ineffective assistance of counsel and because counsel chose to side with the

government/prosecution against Defendant Fuller without Fuller's knowledge.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing _N/A_

(b) At arraignment and plea   Bruce Maddox

6728 Taylor Court  Montgomery, AL 36117

(c) At trial _N/A_

(d) At sentencing   Bruce Maddox

6728 Taylor Court  Montgomery, AL 36117

(e) On appeal ___N/A_____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☐

**Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.**

_____N/A pro se_____
Signature of Attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct. Executed on**

___5-26-05___
(Date)

*Edmond Fuller*
Edmond Lee Fuller, Pro se

(7)

## SUPPLEMENT TO 2255 MOTION

**GROUND ONE: Sixth Amendment Violation.    Ineffective Assistance of Counsel**

Counsel failed to adequately defend Defendant-Petitioner Edmond Lee Fuller (Hereinafter, "Fuller") at sentencing and failed to file a timely Notice of Appeal so that relief from the Breached Plea Agreement and Enhanced Sentence could be sought.  Case law regarding drug amounts and lack of jury finding on drug amounts existed at the time Fuller was sentenced. However, counsel failed to present existing case law which would have benefited his client.

Counsel further violated Fuller's Sixth Amendment right to effective assistance of counsel when he refused Fuller access to his attorney's work files for use in his habeas corpus proceeding.  The right to effective assistance fully encompasses the client's right to obtain from counsel the work files generated during and pertinent to that client's defense. It further entitles the client to utilize materials contained in these files in any proceeding at which the adequacy of trial counsel's representation may be challenged.

The cornerstone of effective assistance of counsel is set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed 2d 674 (1984).  The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. *McMann v. Richardson*, 397 U.S. 749 (1970), *Cuyler v. Sullivan*, 446 U.S. 335 (1980); *Morrison v. Duckworth*, 898 F.2d 1298 (7th Cir 1990); *Shaddy v. Clark*, 890 F.2d 1016 (8th Cir 1989) (per curium); *U.S. v. Angelone*, 894 F.2d 1129 (9th Cir 1990); *Strickland v. Washington*, 466 U.S. 668 (1984); *U.S. v. Cronic*, 466 U.S. 648, 653, 80 L.Ed.2d 657, 104 S.Ct. 2039 (1984)("Without counsel, the right to a trial itself would be of little avail'")); *Bolander v. Singletary*, 16 F.3d 1547 (11th Cir1994); *Battle v. Delo*, 28 F.3d 1547 (8th Cir 1994).

8

In *Strickland v. Washington,* 466 U.S. 668 (1984), the U.S. Supreme Court established a two-prong test with which to evaluate ineffective assistance of defense counsel claims: **(1)** That counsel's performance fell below an objective standard of reasonableness, and **(2)** That counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceedings. *Lockhart v. Fretwell*, **506 U.S. 364; 113 S.Ct. 838; 122 L.Ed 2d 180 (1993)** quoting *Strickland, supra* at page **687;** *U.S. v. Springs*, **988 F.2d 746 (7ᵗʰ Cir 1993);** *Kyles v. Whitley*, **5 F.3d 806 (5ᵗʰ Cir 1993) cert. Granted 114 S. Ct 1610 (1994);** reasonable probability of a different result with effective assistance.

If counsel had raised issue to the breach of plea and the amount of drugs for which the government and Fuller agreed, the outcome of the proceedings would have been different and Fuller would have received a substantially lesser sentence.

For the points of authority and reasons stated herein Ground One, the sentence imposed on Defendant-Petitioner Edmond Lee Fuller cannot be sustained and he is entitled to a reversal of this Court's judgment.

## GROUND TWO: Fifth Amendment Violation; Due Process; Breach of Plea Agreement

Fuller entered into a plea agreement wherein the government, in exchange for a plea of guilty to Count One, agreed that "...the quantity of cocaine hydrochloride for which Defendant should be held criminally responsible for in Count 1 is three kilograms." The government also agreed not to "...indict or otherwise charge Defendant with conduct discussed during plea negotiations..."

The court, in *Santobello v. New York*, **404 U.S. 257 30 L.Ed 2d 427, 92 S.Ct 495 (1991)** held that plea bargain agreements must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. In the case at bar, Fuller expected to be sentenced based on

the 3 kilograms of cocaine hydrochloride he and the government agreed on in the plea
agreement. If Fuller had known that the Court would sentence him for any amount other than the
3 kilograms he would not have accepted the agreement.

The government must strictly comply with plea agreements it makes with a defendant. If a
plea agreement exists, and a plea of guilty has been in some way induced by a promise, it is
essential to the fairness of the proceeding that the promise be fulfilled. *Santobello v. New
York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971). The Eleventh Circuit requires the
government to strictly comply with the agreements it makes with defendants. A court's inquiry
regarding whether a particular promise induced a guilty plea does not necessarily end with a
reading of the written agreement.

The government is bound by any material promises it makes to a defendant as part of a plea
agreement that induces the defendant to plead guilty. *E.g.*, *Santobello v. New York*, 404 U.S.
257, 262 , 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests in any significant
degree on a promise or agreement of the prosecutor, so that it can be said to be part of the
inducement or consideration, such promise must be fulfilled."); *see also United States v. Rewis*,
969 F.2d 985, 988 (11th Cir.1992); *United States v. Boatner*, 966 F.2d 1575, 1578 (11th
Cir.1992); *United States v. Carrazana*, 921 F.2d 1557, 1568 (11th Cir.), *cert. denied*, 502 U.S.
865 , 112 S.Ct. 191, 116 L.Ed.2d 152 (1991). Furthermore, "[w]hether the government violated
the agreement is judged according to the defendant's reasonable understanding at the time he
entered his plea." *Boatner*, 966 F.2d at 1578; *see also Rewis*, 969 F.2d at 988.

In this case, the government unequivocally promised " the quantity of cocaine hydrochloride
for which Defendant should be held criminally responsible for in Count 1 is three kilograms"

10

and that the government would not "...indict or otherwise charge Defendant with conduct discussed during plea negotiations..."

In the similar case of ***Boatner***, the Eleventh Circuit held that when the government's statements regarding the PSI are inconsistent with the plea agreement, the government has breached that agreement. **966 F.2d at 1578-79**; *see also* ***United States v. Jefferies***, **908 F.2d 1520, 1527 (11th Cir.1990)** (holding that when plea agreement stipulates a particular fact, the government cannot later argue in contradiction of that fact); ***United States v. Tobon-Hernandez***, **845 F.2d 277, 280 (11th Cir.1988)** (same). In ***Boatner***, the government had stipulated in the plea agreement that two ounces of cocaine would be the only quantity considered for sentencing purposes. Even so, "the government supported the information contained in the presentence investigation report by declaring to the court that its later investigations had revealed that the amount of cocaine involved was actually between two and three-quarters and three kilograms." **966 F.2d at 1579**. The Eleventh Circuit held that because the information concerning two to three kilograms of cocaine was specifically precluded by the plea agreement, the government had breached that agreement by supporting the information contained within the PSI. *Id.; see also* ***United States v. Canada***, **960 F.2d 263, 268 (1st Cir.1992)** (holding that government breached the plea agreement when, at the sentencing hearing, it "affirmatively supported a higher sentence than that upon which the parties had agreed" and "failed to apprise the court of [the defendant's] cooperation").

For better or worse, plea bargains have become an essential part of our criminal justice system. It is in the best interests of the government, as well as the system as a whole, that defendants be able to count on the government keeping the promises it makes in order to secure guilty pleas. Those broader interests, as well as each individual defendant's interest in receiving

the benefit of his bargain, require that courts stand ready and willing to hold the government to its promises. *United States v. Peter Anthony Taylor*, No. 92-5016 **March 8, 1996**.

There are two remedies available in this situation. The guilty plea can be left intact and Fuller be resentenced, or the Court can permit Fuller to withdraw the plea. Fuller submits that he prefers not to withdraw his plea and desires only to be sentenced for the amount agreed upon which is **3** kilograms of cocaine hydrochloride

The government's breach of a plea agreement, in urging the court to enhance Fuller's base offense level, for conduct not admitted or to or agreed upon, was plain error affecting Fuller's substantial rights, requiring re-sentencing.

For the points of authority and reasons stated herein Ground Two, the sentence imposed on Defendant-Petitioner Edmond Lee Fuller cannot be sustained and he is entitled to a reversal of this Court's judgment.

## GROUND THREE: Fifth and Sixth Amendment Violations; Due Process; Lack of Jury Finding

The government and Fuller agreed that the amount of drugs for which Fuller was responsible was 3 kilograms of cocaine Hydrochloride and that in exchange for a plea of guilty, no other charges for conduct discussed during the plea negotiation or proffer sessions would be brought. However, Fuller's sentence was enhanced in violation of the Fifth and Sixth amendments and in breach of the plea agreement when his sentence was substantially increased based on the testimony in a "related case" wherein Defendant Samuel Baldwin, in exchange for leniency, stated that he purchased 300 kilograms of cocaine from Fuller.

12

The Supreme Court in ***Apprendi v. New Jersey***, **540 U.S. 466 (2000)** held that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum be submitted to the jury and proved beyond a reasonable doubt.

The district court's failure to rely on concrete evidence under ***Apprendi*** when determining defendant's base offense levels undermines the fairness of sentencing proceedings where the error clearly affects and substantially increases defendant's sentences.

The Court may not rely on speculation to measure an amount of cocaine for sentencing purposes. ***United States v. Riley***, **142 F.3d 1254 (11th Cir. 1998)**

Fuller's sentence was further enhanced based on his criminal history category in violation of the Sixth Amendment.

In ***Shepard v. United States***, **No. 03-9168 Decided March 7, 2005**, *Justice Ginsburg,* concluded in Part III that "the rule in the ***Jones* v. *United States***, **526 U. S. 227, 243, n. 6,** and ***Apprendi* v. *New Jersey***, **530 U. S. 466, 490,** line of cases--that any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, absent a waiver by the defendant--is also relevant to sentencing."

The Court went on to conclude that " ***Apprendi* v. *New Jersey***, **530 U. S. 466 (2000)**, and its progeny prohibit judges from 'mak[ing] a finding that raises [a defendant's] sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant.'" *Justice Thomas*, concurring in part and concurring in the judgment.

The Court was without authority to rely on prior convictions to enhance Fuller's sentence. Relying on prior convictions to enhance Fuller's sentence violated his Sixth Amendment right to a finding by the jury.

In *Shepard v. United States*, No. 03-9168 Decided March 7, 2005, the Supreme Court

determined that police reports and other unproven evidence *cannot* be used to tack on prison

time.  The 5-3 decision wherein *Justice Souter*, joined by *Justice Stevens, Justice Scalia*, and

*Justice Ginsburg*, concluded in Part III that "the rule in the *Jones v. United States*, 526 U. S.

227, 243, n. 6, and *Apprendi v. New Jersey*, 530 U. S. 466, 490, line of cases--that any fact other

than a prior conviction sufficient to raise the limit of the possible federal sentence must be found

by a jury, absent a waiver by the defendant--is also relevant to sentencing.  In a nongeneric State,

the fact necessary to show a generic crime is not established by the record of conviction as it

would be in a generic State when a judicial finding of a disputed prior conviction is made on the

authority of *Almendarez-Torres v. United States*, 523 U. S. 224.  Instead, the sentencing judge

considering the ACCA enhancement would (on the Government's view) make a disputed finding

of fact about what the defendant and state judge must have understood as the prior plea's factual

basis, and the dispute raises the concern underlying *Jones* and *Apprendi*: the Sixth and

Fourteenth Amendments guarantee a jury's standing between a defendant and the power of the

State, and they guarantee a jury's finding of any disputed fact essential to increase a potential

sentence's ceiling. The disputed fact here is too far removed from the conclusive significance of a

prior judicial record, and too much like the findings subject to *Jones* and *Apprendi*, to say that

*Almendarez-Torres* clearly authorizes a judge to resolve the dispute. The rule of reading statutes

to avoid serious risks of unconstitutionality therefore counsels the Court to limit the scope of

judicial fact-finding on the disputed generic character of a prior plea. Pp. 10-12…The question

here is whether a sentencing court can look to police reports or complaint applications to

determine whether an earlier guilty plea necessarily admitted, and supported a conviction for,

generic burglary. *We hold that it may not*, and that a later court determining the character of an

14

admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented..." (Emphasis Added)

"Nevertheless, the plurality in the ***Shepard*** Court "refines the rule of ***Taylor v. United States***, **495 U. S. 575 (1990)**, and further instructs district courts on the evidence they may consider in determining whether prior state" convictions are predicate offenses. "***Taylor*** and the decision in ***Shepard*** thus explain to lower courts how to conduct fact-finding that is, according to the logic of this Court's intervening precedents, unconstitutional in this very case. The need for further refinement of ***Taylor*** endures because this Court has not yet reconsidered ***Almendarez-Torres* v. *United States***, **523 U. S. 224 (1998)**, which draws an exception to the ***Apprendi*** line of cases for judicial fact-finding that concerns a defendant's prior convictions. See ***Apprendi***, *supra*, **at 487-490.**"

" ***Apprendi* v. *New Jersey***, **530 U. S. 466 (2000)**, and its progeny prohibit judges from 'mak[ing] a finding that raises [a defendant's] sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant.'" *Justice Thomas*, concurring in part and concurring in the judgment.

Any enhancement not admitted by the defendant must be found by a jury and if it is not, it violates the defendant's Sixth Amendment rights. See, ***Blakely v. Washington***, **540 U.S. 965 (June 24, 2004)** supporting the finding in ***Apprendi***.

Due to the criminal history category points, Fuller's offense level was substantially increased. Instead of the 84-105 months sentencing range, the enhanced sentence caused Fuller's sentencing range to increase and he received a sentence of 140 months.

15

The Courts in *Jones*, *Booker*, and *Fanfan* have all upheld the Sixth and Fourteenth Amendment rights requiring that any facts that subject defendants to heightened punishment must be found by a jury beyond a reasonable doubt. Explaining that "When a judge inflicts punishment that a jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to punishment, (citation omitted), and the judge exceeds his proper authority."

For the points of authority and reasons stated herein Ground Three, the sentence imposed on Defendant-Petitioner Edmond Lee Fuller cannot be sustained and he is entitled to a reversal of this Court's judgment.

## CONCLUSION

Edmond Lee Fuller was not apprehended with any amount of drugs. However, Fuller agreed to accept responsibility for 3 kilograms of cocaine hydrochloride. The amount of drugs for which he was sentenced was based on the hearsay evidence presented by Samuel Baldwin, a defendant in another case. Furthermore, the record is clear that Baldwin was not clear on the amount of drugs that he allegedly received from Fuller. As a matter of fact, as evidenced by the Report of Investigation, when directly asked by TFA DeJohn as to the amount Baldwin had received from Fuller over a six year period, Baldwin stated "Oh, quite a bit." TFA DeJohn suggested the amount of 500 kilograms. When he received a negative response from Baldwin TFA DeJohn asked if 300 kilograms would be a more reasonable estimate. Baldwin "indicated that figure was "probably closer"'. It should be noted that Fuller was not afforded the opportunity to confront Baldwin.

There can be no doubt that Edmond Lee Fuller's sentence should not have exceeded 105 months. There is also no doubt that defense counsel was ineffective for failing to bring issue to the amount of drugs and breached plea agreement at the time this Honorable Court pronounced a sentence other than the sentence agreed upon by Fuller, defense counsel and the government. Counsel further failed Fuller by not filing a Notice of Appeal and subsequent appeal of the erroneous sentence.

An evidentiary hearing is requested to determine the issues presented herein and Fuller respectfully requests that counsel be appointed to represent him in any future hearings or proceedings.

For the points of authority and reasons stated herein, the conviction and sentence imposed upon Defendant-Petitioner Edmond Lee Fuller cannot be sustained and the relief he is seeking must be **GRANTED.**

Respectfully submitted this _____ 2 6 _____ day of _____ MAY _____, 2005.



Edmond Lee Fuller, pro se

17

# CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Motion To Vacate, Set Aside or Correct a Sentence has been sent this _26_ day of _May_, 2005 by placing the same in the United States Mail, First Class postage prepaid for delivery to;

Todd A. Brown
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104



Edmond Lee Fuller