IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDMOND LEE FULLER,          ) | |
| )                             | |
| Defendant/Movant,   )         | |
| )                             | |
| vs.                         ) | CASE NO. 2:05cv512-T |
| )                             | (CR NO. 2:02cr137-T) |
| UNITED STATES OF AMERICA,   ) | |
| )                             | |
| Respondent.         )         | |

**UNITED STATES'S RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and, in compliance with this Court's order to show cause, responds to Defendant/Movant Edmond Lee Fuller's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I.  PROCEDURAL HISTORY AND RELEVANT FACTS**

On August 15, 2002, a grand jury for the Middle District of Alabama returned a single-count indictment against Defendant/Movant Edmond Lee Fuller.  See Exhibit A, the indictment. The indictment charged that, on or about August 8, 2002, in Montgomery County, within the Middle District of Alabama, Fuller did knowingly and intentionally distribute five kilograms or more of cocaine hydrochloride, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

Fuller subsequently entered into a plea agreement in this case.  See Exhibit B, a copy of the plea agreement in this case.  The plea agreement provided that, in return for a guilty plea to the indictment, the United States would recommend that Fuller receive a three-level reduction in the applicable offense level, and that Fuller would be held criminally responsible for three

kilograms of cocaine hydrochloride. Exhibit B, at 2. The agreement also contemplated a motion for a downward departure at sentencing, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), should Fuller provide substantial assistance in the investigation or prosecution of another person who has committed an offense against the United States. Id. At 3. In addition, Fuller's agreement provided that the United States would consider further reductions, if merited, under Fed. R. Crim. P. 35. Id. at 4.

In return, Fuller waived his right to appeal under 18 U.S.C. § 3742, except in the event of an upward departure from the applicable Guidelines range based upon criminal history or offense characteristics. Id. at 5. Fuller also waived the right to attack his sentence in a post-conviction proceeding under 28 U.S.C. § 2255. Id. The waivers did not preclude Fuller's ability to seek post-conviction relief on ground of ineffective assistance of counsel and prosecutorial misconduct. Id. Finally, the plea agreement set forth Fuller's understanding that his offense level and criminal history would be determined by the United States Probation Office. Id. at 11.

A guilty plea hearing was held in Fuller's case on March 5, 2003. See Exhibit C, a transcript of the guilty plea hearing in this case. At the outset of the hearing, Fuller was placed under oath. See Exhibit C, at 2. After consenting to have his plea heard by a United States Magistrate Judge, Fuller averred that he had reviewed the indictment with his lawyer, Bruce Maddox, that he understood the charges against him, that he was satisfied with the representation provided by Mr. Maddox, and that he had reached a full understanding of the plea agreement with Mr. Maddox's assistance. Id. at 3, 4-5. The Court then informed Fuller that the maximum penalty for violating 21 U.S.C. § 841(a)(1) was "not less than five nor more than 40 years." Id. at 6.

Fuller affirmed that he had discussed the applicability of the U.S. Sentencing Guidelines to his case, and that he understood that the Court would not be able to determine the guideline sentence for his case until after a presentence report was prepared. Id. at 6-7. The transcript reflects that an off-the-record discussion took place between Fuller and his counsel when the Court told Fuller that "[a]ny sentence which is imposed . . . may be different from any estimate which Mr. Maddox has given you." Id. at 7. Fuller informed the Court that he understood this aspect of his sentence, and the Court explained that, although his counsel may have given him a certain sentencing range, a higher range could apply as a result of the presentence investigation report. Fuller stated that he understood the potential for a higher sentence. Id. at 7-8. After another off-the-record discussion between Fuller and Maddox ensued, Fuller again affirmed that he understood that the Court could impose a sentence that was higher than the guideline sentencing range. Id. at 8.

The Court then addressed the waiver provisions of Fuller's agreement. It informed Fuller that, although he had waived the right to appeal or collaterally attack his sentence, he could do so in the event of an upward departure, prosecutorial misconduct, or ineffective assistance of counsel. Fuller again stated that he understood his rights in this regard. Id. at 8-9.

Next, after ensuring that Fuller understood the rights that he would be relinquishing by pleading guilty (id. at 9-10), the Court reviewed the allegations in the indictment and explained those things that the United States would have to prove if a trial was held in his case (id. at 10). Fuller then stated that, on or about August 8, 2002, he was responsible for the delivery of three kilograms of cocaine hydrochloride or cocaine powder to Samuel Baldwin in Montgomery, Alabama. Id. at 10-11. After finding that Fuller was fully competent and capable of entering an

informed plea, that he was aware of the nature of the charges and the consequences of the plea, that the plea was knowing and voluntary, and supported by an independent factual basis containing each of the essential elements of the offense, the Court accepted his plea of guilty. Id. at 12.

A presentence investigation report was ordered and prepared by the U. S. Probation Office in this case. After documenting Fuller's criminal history, the report concluded that he qualified as a career offender, as defined in U.S.S.G. § 4B1.1(a).[1] Based upon the relevant statutory maximum of 40 years for the offense of conviction, Fuller's offense level was set at 34. See Exhibit C, at 6; see also U.S.S.G. § 4B1.1(b).

A sentencing hearing was held on June 24, 2004. See Exhibit D, a transcript of the sentencing hearing. The transcript reflects that the Court inquired as to whether a dispute existed as to the correct drug amount attributable to Fuller. See Exhibit D, at 3. Mr. Maddox explained that Fuller's admitted responsibility for twenty kilograms during the preparation of his presentence investigation report would set his offense level at 34, but more importantly, his status as a career offender meant that his offense level was 34. Id. at 3-4. The probation officer supported an offense level of 34, as did the Assistant United States Attorney. Id. at 4-5. Fuller's

---

[1] That section provides as follows:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2003).

offense level was then reduced by six levels after application of credits for acceptance of responsibility, and a motion for downward departure based on substantial assistance. Id. at 5. The resulting offense level of 28 produced a sentencing range of 140 to 175 months. Id. at 5-6. The probation officer recommended that Fuller be sentenced at the low end of the applicable range, and the United States concurred in that recommendation. Id. at 6-7.

After the Court voiced concern over Fuller's extensive criminal career, it stated that it would accept the sentencing recommendation of 140 months. Id. at 7-8. It then formally granted the reductions to Fuller's offense level and sentenced him to serve 140 months in prison. Id. 8-9. Judgment in this case was entered on June 28, 2004.

Fuller filed a Motion to Vacate, Set Aside or Correct Sentence on May 26, 2005. On June 6, 2005, this Court entered an order directing the United States to respond within thirty days. The United States requested and received an extension of time to respond pending its receipt of an affidavit from Bruce Maddox regarding Fuller's claims of ineffective assistance of counsel. On July 18, Maddox filed an affidavit which responded to Fuller's claims. (Doc. #8.) The United States now files this response to the § 2255 motion.

## II.  CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Fuller has raised the following issues in his § 2255 motion:

1. Counsel was ineffective for failing to assert the limit the applicable drug quantity to three kilograms of cocaine hydrochloride at sentencing, and for failing to appeal from the final judgment and sentence;

2. The United States breached the plea agreement when it failed to limit the drug quantity attributable to Fuller to three kilograms of cocaine hydrochloride; and,

3.  His sentence was unconstitutionally enhanced based upon a drug quantity in excess of three kilograms of cocaine hydrochloride and prior convictions.

### III.  RESPONSE TO CLAIMS FOR RELIEF

**A.  Fuller's Petition Is Barred Because He Waived His Right to Seek Relief Under 28 U.S.C. § 2255 When He Entered His Guilty Plea.**

Fuller agreed to waive his right to seek relief pursuant to 28 U.S.C. § 2255 when he entered his guilty plea during his March 5, 2003 guilty plea hearing. See Exhibit C at 8-9. The Court specifically questioned Fuller as to whether he understood that his plea agreement waived his ability to collaterally attack his sentence, and he stated under oath that he understood this provision. Id. Fuller had also stated under oath that he understood the agreement and that he did not have any questions after reviewing it with his attorney. Id. at 4-5.

Fuller's waiver of his right to seek relief under § 2255 is a contract between the United States and a criminal defendant.

> [A]mong the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. See United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir.1993). In this case, [the appellant's] waiver was clearly knowing and voluntary--he was specifically questioned by the district court regarding the waiver of his right to appeal. See United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir.1997). The plea agreement is therefore enforceable and would appear to bar this appeal.

United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999).

Also, "a waiver of the right to seek federal habeas review must be 'an intentional relinquishment or abandonment of a known right,' the right to federal habeas review." Allen v. Thomas, 161 F.3d 667, 670 (11th Cir. 1998). The record demonstrates that the Court ascertained that Fuller's assent to the terms of his plea agreement was knowing and voluntary. Exhibit C at 4-5. Fuller's § 2255 motion is thus procedurally barred from review by this Court, with the

exception of any valid claim of ineffective assistance of counsel.

**B.      Fuller Has Met The One-Year Statute Of Limitations Deadline For
            The Filing of Claims Under 28 U.S.C. § 2255**.

In the event this Court finds that Fuller's waiver of his right to seek relief under 28 U.S.C. § 2255 is unenforceable, the United States concedes that he has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

**C.      The Substantive Issues in Fuller's Motion Are Procedurally Defaulted
            And Not Properly Considered In This § 2255 Proceeding Because They
            Could Have Been Raised On Direct Appeal, But Were Not, And Fuller Has
            Failed To Demonstrate Cause And Prejudice To Overcome These Defaults.**

The legal issues raised in Fuller's § 2255 motion are procedurally defaulted because they could have been, but were not, raised on direct appeal. Because Fuller did not raise his claims on direct appeal they are barred in this collateral proceeding, unless he can show cause and prejudice to overcome the procedural bar. A motion under § 2255 cannot be used as a substitute for appeal, Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998), and claims not raised on direct appeal, that could have been so raised, are generally barred from review in § 2255 proceedings, McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). As it relates to the law concerning procedural default:

> Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a [Section] 2255 proceeding.... A ground of error is usually "available" on direct appeal when its merits can be reviewed without further factual development.... When a defendant fails to pursue an available claim on

> direct appeal, it will not be considered in a motion for [Section] 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error.... Alternatively, under the fundamental miscarriage of justice exception, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default....

Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994) (internal citations omitted), see also McCoy v. United States, 266 F.3d at 1258. ("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal."). The burden of demonstrating cause and prejudice or a miscarriage of justice is on the movant. See, e.g., Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually innocent[.]' ").

Fuller has offered nothing to this Court, aside from his vague and unsupported claim that counsel was ineffective for failing to appeal, as cause to overcome the procedural default. However, Fuller cannot establish prejudice because his motion does not demonstrate that, even if an appeal had been prosecuted, his case would not have been dismissed by the Eleventh Circuit pursuant to his enforceable waiver of appeal. See discussion in Part III., E.2., below. Therefore, his legal claims should be dismissed on procedural grounds.

**D.    Fuller's Legal Claims Are Without Merit.**

Fuller claims that the United States breached the provision of his plea agreement which limited the attributable drug amount to three kilograms of cocaine hydrochloride, and that his sentence was unconstitutionally enhanced based on that drug amount and his prior convictions.

"A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." Stephens v. United States, 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), quoting United States v. Guerra, 588 F.2d 519, 520-21 (5th Cir.1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations ... the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief.... Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." Potts v. Zant, 638 F.2d 727, 751 (5th Cir. 1981)(citations omitted).[2] Because Fuller's motion and the record offer no factual basis or proof, and certainly no corroboration of his claims, they should be dismissed.

1.   **The drug quantity asserted at sentencing had no impact on Fuller's sentence, as it was determined in accordance with U.S.S.G. § 4B1.1, due to his status as a career offender.**

The transcript of Fuller's sentencing hearing shows that the issue of attributable drug quantity was raised by the Court at the outset of the hearing. Fuller's counsel, Bruce Maddox, informed the Court that, although Fuller had admitted responsibility for twenty kilograms of cocaine hydrochloride, his status under the sentencing guidelines as a career offender with a forty year maximum sentence established his offense level at 34. See Exhibit C, at 3-4. The United States concurred in this result. Id. at 5. Fuller's contention that this constituted a breach of his plea agreement is inconsistent with the agreement and Fuller's statements to the Court during his plea colloquy.

Fuller's plea agreement set forth his understanding that his offense level and criminal

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

history would be determined by the United States Probation Office.  See Exhibit B, at 11.  During his plea colloquy, Fuller affirmed that he had discussed the applicability of the U.S. Sentencing Guidelines to his case, and that he understood that the Court would not be able to determine the guideline sentence for his case until after a presentence report was prepared.  See Exhibit C, at 6-7.  The Court further informed Fuller that the probation office's calculations could result in a sentence "different from any estimate which Mr. Maddox has given you."  Id. at 7.  Fuller stated that he understood the potential for a higher sentence.  Id. at 7-8.  Fuller and Maddox had an off-the-record discussion concerning his possible sentence, after which Fuller again affirmed that he understood that the Court could impose a sentence that was higher than the guideline sentencing range.  Id. at 8.

    The record therefore shows that Fuller was aware that his eventual sentence would be determined by his criminal history.  Id. at 6-7.  The Court took great care to insure that Fuller understood the role of the U.S. Probation Office in determining his sentence, notwithstanding any possible sentence he may have contemplated as a result of discussions with his attorney.  Fuller, after consultation with his counsel, make a voluntary decision to proceed with his guilty plea.  Id. at 7-8.  Fuller's criminal history categorized him as a career offender, as defined in U.S.S.G. § 4B1.1(a).  Based upon the relevant statutory maximum of 40 years for the offense of conviction, Fuller's offense level was set at 34.  See Exhibit C, at 6; see also U.S.S.G. § 4B1.1(b).  The record shows that the drug quantity attributed to Fuller had no impact on the calculation of his sentence under the sentencing guidelines.  Although Fuller's confusion as to whether the terms of his plea agreement were correctly applied to his sentence is understandable, his claim is without merit.

**2.   Fuller was correctly categorized as a career offender in accordance with U.S.S.G. § 4B1.1, and the use of prior convictions does not violate the Sixth Amendment.**

Fuller was determined to be a career offender under U.S.S.G. § 4B1.1(a). That section provides that, if (1) a defendant was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense, he is a career offender. The table at U.S.S.G. § 4B1.1(b) specifies that, for an offense with a statutory maximum of 40 years, an offense level of 34 is appropriate. See U.S.S.G. §4B1.1.

Fuller was informed by the Court during his plea colloquy that he faced a maximum sentence of 40 years if he pleaded guilty to violating 21 U.S.C. § 841(a)(1). See Exhibit C, at 6. He did not dispute at sentencing, nor does he dispute in this § 2255 proceeding, the validity of any of the prior convictions documented in the PSI and relied upon pursuant to U.S.S.G. § 4B1.1. Accordingly, any claim that his sentence was incorrectly calculated pursuant to this sentencing guideline provision is without merit.

Fuller also claims that the use of his prior convictions to enhance his sentence violated the Fifth and Sixth Amendments. These arguments are without merit, as a district court does not violate the Sixth Amendment when it uses prior convictions to enhance a defendant's sentence. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005), see also United States v. Burge, 407 F.3d 1183, 1188 (11th Cir. 2005). Valid concerns about Fuller's recidivism were also voiced by the Court when the probation officer recommended that he be sentenced at the low end of the applicable guidelines range. See Exhibit D, at 7. Absent a substantive violation of the Sixth

11

Amendment, there can be no underlying due process violation of the Fifth Amendment. Therefore, these claims are without merit.

E. **Fuller's Ineffective Assistance of Counsel Claims Are Without Merit.**

Fuller asserts two grounds of ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 694 (1984); see also Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland v. Washington standard for reviewing ineffective assistance of counsel claims); Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of Strickland v. Washington). More specifically, Fuller must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of Strickland, this Court must presume that the conduct of counsel was reasonable, Yordan, 909 F.2d at 477. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and the standard is 'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United States, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted). A defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim is as follows:

Because there is such a wide range of constitutionally acceptable performance, a

petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that no competent counsel would have taken the action that his counsel did take....

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

A defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case is "high;" it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

"It is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson v. Moore, 300 F.3d at 1343. In raising ineffective assistance of counsel, Fuller has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, these claims should be summarily dismissed. The United States addresses Fuller's specific claims of ineffective assistance below.

**1. Counsel was not ineffective for failing to assert his responsibility for three kilograms of cocaine hydrochloride.**

Fuller's counsel, Bruce Maddox, has submitted an affidavit responding to the claims against him.  See Exhibit E, Affidavit of Bruce Maddox.  The Affidavit states that Fuller's plea agreement provision limiting the drug quantity to three kilograms of cocaine hydrochloride did not change the impact of the career offender provision at U.S.S.G. § 4B1.1.  See Exhibit E, at 1.  Maddox avers that he discussed the impact of the section with Fuller at sentencing, and that he agreed to proceed.  Id.  Maddox's recollection therefore reflects that Fuller's status as a career offender determined Fuller's eventual sentence, notwithstanding the quantity attributed to him.

**2. Fuller's counsel was not ineffective due to his failure to file an appeal.**

Fuller's petition contains a vague assertion that his counsel was ineffective for failing to file an appeal after his sentencing.  Counsel has a constitutionally imposed duty to consult with a defendant about an appeal "only when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Roe v. Flores-Ortega, 528 U.S. 470, 471, 120 S.Ct. 1029, 1031 (2000) (emphasis added.)

The Flores-Ortega decision contains helpful guidance which assists a court in determining whether counsel failed in his constitutional duty to discuss the possibility of appeal with a defendant.  It stated that

> . . . courts must take into account all the information counsel knew or should have known.  One highly relevant factor will be whether the conviction follows a trial or a guilty plea, because a plea both reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings. Even then, a court must consider such factors as whether the defendant received the sentence bargained for and whether the plea expressly reserved or waived some or

all appeal rights.

Id. In this case, Maddox knew that Fuller had waived his appeal rights, and that during his plea colloquy with this Court he affirmed his understanding of the waiver provision. Exhibit B, at 5; Exhibit C, at 8-9. These circumstances produced an enforceable waiver under controlling caselaw. United States v. Howle, 166 F.3d at 1168. Pursuant to Flores-Ortega, this Court must also presume Fuller's knowledge that any appeal by Fuller would be viewed by the United States as a breach of his agreement, and that, in the course of such appeal, it would likely seek to deny Fuller the benefits of the agreement such as credits for accepting responsibility or assistance. See United States v. Cimino, 381 F.3d 124, 128 (2d Cir. 2004) (citing agreement among several Circuits on the Government's option of seeking specific performance where defendant breaches a plea agreement, or treating it as unenforceable.) This potential result was clearly considered by Maddox, who avers that he did not advise an appeal because Fuller's sentence was determined by his career offender status. See Exhibit E, at 1.

The facts of Fuller's case do not suggest either that (1) a rational defendant would have wanted to appeal, or (2) that he reasonably demonstrated to counsel that he was interested in appealing. He therefore has failed to demonstrate that Maddox performed deficiently in his case, or, more specifically, that he failed in some constitutional duty.

## IV.  A HEARING IS NOT NECESSARY IN THIS MATTER

Fuller has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing. See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d

1455, 1465 (11th Cir. 1991). Should this Court determine that Fuller has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

## V.  CONCLUSION

For the above reasons, Defendant/Movant Edmond Lee Fuller has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 22nd day of July, 2005.

> LEURA GARRETT CANARY
> UNITED STATES ATTORNEY
>
> /s/ Todd A. Brown
> TODD A. BROWN
> Assistant United States Attorney
> Post Office Box 197
> Montgomery, Alabama 36101-0197
> (334) 223-7280
> (334) 223-7135 fax
> todd.brown@usdoj.gov
> ASB-1901-O64T

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **EDMOND LEE FULLER,** | ) |
| | ) |
| Defendant/Movant, | ) |
| | ) |
| vs. | )  CASE NO. 2:05cv512-T |
| | )  (CR NO. 2:02cr137-T) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have mailed by United States Postal Service the document to the following non-CM/ECF participant: Edmond Lee Fuller, #11805-002, FCI Manchester, P.O. Box 3000, Manchester, KY 40962.

    Respectfully submitted,

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY


    /s/ Todd A. Brown
    TODD A. BROWN
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    todd.brown@usdoj.gov
    ASB-1901-O64T