IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | FILED |
| v. | ) CR. NO. 02-0137-N | |
| EDMOND LEE FULLER | ) | MAR 5 2003 |

PLEA AGREEMENT

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

DEFENSE COUNSEL:        BRUCE MADDOX

ASSISTANT U.S. ATTORNEY:    TODD A. BROWN

### COUNT AND STATUTES CHARGED:

Count 1    21 U.S.C. § 841(a)(1)
           Distributing/Possessing with Intent to Distribute Cocaine Hydrochloride

Forfeiture    21 U.S.C. § 853
Allegation    Money Judgment - Proceeds from Count 1

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1    21 U.S.C. § 841(a)(1)
           Distributing/Possessing with Intent to Distribute Cocaine Hydrochloride

Forfeiture    21 U.S.C. § 853
Allegation    Money Judgment - Proceeds from Count 1

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1    21 U.S.C. § 841(a)(1) (assuming no prior felony drug convictions)
           A term of imprisonment which may not be less than 5 years and no more than 40 years, and a fine not to exceed $2,000,000 or twice the gross loss to the victim or twice the gross gain to the defendant, whichever is greatest, or both fine and imprisonment; a term of supervised release of no less than 4 years; and an assessment fee of $100.00.

### ELEMENTS OF THE OFFENSE(S):

Possession with Intent to Distribute Cocaine Hydrochloride, 21 U.S.C. § 841(a)(1):

1. The defendant knowingly and intentionally distributed and possessed a controlled substance (cocaine hydrochloride); and

2. The defendant possessed the controlled substance with the intent to distribute it.

"Possession with intent to distribute" is defined as possession with intent to deliver or transfer possession, with or without any financial interest in the transaction.

*************************************************************************

Todd A. Brown, Assistant United States Attorney, and Bruce Maddox, Esq., attorney for the defendant, pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.

### GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 and the Forfeiture Allegation of the Indictment, the attorney for the Government will do the following:

    a. The Government will agree that a 3-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1 for the defendant's acceptance of responsibility is appropriate, assuming Defendant continues to accept responsibility for his conduct and does not otherwise obstruct justice.

    b. The Government will agree that the quantity of cocaine hydrochloride for which Defendant should be held criminally responsible in Count 1 is three kilograms.

    c. In exchange for a plea of guilty to the offense charged in Count 1, the United States agrees not to indict or otherwise charge Defendant with conduct discussed during plea negotiations or other proffer sessions with the Government or any narcotics or money laundering

conspiracy charges for which Defendant has provided full cooperation. Specifically, if Defendant cooperates fully, as set forth in the Plea Agreement, the United States will not indict or otherwise charge Defendant with a narcotics conspiracy charge related to the narcotics charge for which Defendant has been indicted by the United States. This provision is completely contingent on the full and complete cooperation as set forth in the Cooperation Agreement, below.

        d. In regards to Defendant's agreement to cooperate:

        (1) Should the Defendant's cooperation prior to sentencing go beyond the cooperation contemplated within the Cooperation Agreement—that is, if the scope of the continued cooperation goes beyond the Defendant's own organizational ties and beyond what has previously been related to the Government in proffer sessions and other testimony—the Government will debrief Defendant regarding any information he may possess regarding federal and state criminal offenses. The Government will then evaluate this information and, if the information is substantial, file a motion for a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), to reflect the defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. If the defendant's cooperation is not completed before the time of sentencing, the Government would proceed with any reduction pursuant to Rule 35, Fed. R. Crim. P. The defendant should contact defense counsel directly when he has information he feels of value, or when the defendant can proactively assist the Government, rather than contacting the Government directly.

        (2) The Government will extend every opportunity to the defendant to cooperate. Should information or the ability to assist the Government proactively present itself, the Government will follow up on this information in as timely a manner as possible. The

Government will not simply disregard the information provided by the defendant before determining the value or viability of the assistance being offered by the defendant. The defendant has previously indicated his desire to proactively assist the Government by being released from custody. While the viability of such cooperation out of custody is not currently present, should such a opportunity arise prior to sentencing, and the Government deems the assistance to be substantial and that exceptional circumstances warrant Defendant's release pursuant to 18 U.S.C. §§ 3143 and 3145, the Government will request the court release the defendant for the purpose of providing assistance to the Government. Any such determination that Defendant's release would be appropriate under this paragraph would be at the sole discretion of the Government.

(3) Should the defendant provide additional cooperation not contemplated by the Cooperation Agreement, the Government agrees to evaluate that cooperation and consider further reduction, if appropriate, pursuant to Rule 35, Fed. R. Crim. P. Further cooperation by defendant pursuant to this paragraph will be directed to defense counsel who will forward the information to the Government. The Government will not consider information, pursuant to this paragraph, received directly from Defendant.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

   a. To plead guilty to Count 1 and the Forfeiture Allegation.

b. To cooperate with the Government, pursuant to the Cooperation Agreement forth below.

c. To identify to the Government all proceeds of Defendant's drug activity.

d. To forfeit to the Government all proceeds of the Defendant's drug activity.

## FACTUAL BASIS

e. The defendant admits the allegations charged in Count 1 and understands that the nature of the charge to which the plea is offered involves proof as to Count 1 and the Forfeiture Allegation, that on or about the 8th day of August, 2002, in Montgomery County, within the Middle District of Alabama, the defendant knowingly and intentionally possessed with intent to distribute approximately 3 kilograms of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Proceeds of the narcotics activity listed in the Forfeiture Allegation are related to this charge.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

e. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.0 (from offense level). The defendant understands and

agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## COOPERATION AGREEMENT

f. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so, including individuals against which Defendant may have already provided grand jury testimony. The defendant understands that this agreement does not require the defendant to implicate any other particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government. The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere.

6

The defendant agrees, if desired by the Government, to travel with agents outside the Middle District of Alabama to identify others involved in Defendant's narcotics organization, locations and/or residences of others involved, or any other information related to others involved in this narcotics trafficking activity. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly. The defendant understands that this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. §§ 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencings the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and,

7

(5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4. The defendant, before entering a plea of guilty to Count 1 and the Forfeiture Allegation, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further understands that the Government can only make a recommendation, which is not binding upon the Court.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5. The undersigned attorneys for the Government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the

defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This 3rd day of March, 2003.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Todd A. Brown
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101
(334)223-7280

Louis V. Franklin, Sr.
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
Edmond Lee Fuller
Defendant

_____3-5-03_____
Date


_____
Bruce Maddox
Attorney for the Defendant

_____3-5-03_____
Date