```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE MIDDLE DISTRICT OF ALABAMA
 3                       NORTHERN DIVISION
 4
 5  UNITED STATES OF AMERICA
 6      vs.                         CASE NO:  2:02cr137-T
 7  EDMOND LEE FULLER,
 8          Defendant.
 9
10
11
12                   * * * * * * * * * *
13                   CHANGE OF PLEA HEARING
14                   * * * * * * * * * *
15          BEFORE THE HONORABLE CHARLES S. COODY, UNITED STATES
16  MAGISTRATE JUDGE, at Montgomery, Alabama, on Wednesday, March 5,
17  2003, commencing at 10:12 a.m.
18  APPEARANCES:
19  FOR THE GOVERNMENT:       Mr. Todd A. Brown
                              Assistant United States Attorney
20                            OFFICE OF THE UNITED STATES ATTORNEY
                              One Court Square, Suite 201
21                            Montgomery, Alabama   36104
22  FOR THE DEFENDANT:        Mr. Bruce Maddox, Attorney at Law
                              LAW OFFICE OF BRUCE MADDOX
23                            6728 Taylor Court
                              Montgomery, Alabama   36117
24
              Proceedings reported stenographically;
25                transcript produced by computer.
```

```
 1        (The following proceedings were heard before the Honorable
 2     Charles S. Coody, United States Magistrate Judge, at
 3     Montgomery, Alabama, on Wednesday, March 5, 2003,
 4     commencing at 10:12 a.m.:)
 5            THE COURT:  Mr. Maddox, are you ready?
 6            MR. MADDOX:  Yes, sir, we are.
 7            THE COURT:  Come forward, please.  The next case is
 8  United States versus Fuller, 2002-137-N.
 9            Good morning, Mr. Fuller.
10            THE DEFENDANT:  How are you doing?
11            THE COURT:  Previously you have entered a plea of not
12  guilty to the charges against you.  I understand that you now
13  desire to change your plea and enter a plea of guilty to count
14  one of the indictment; is that correct?
15            THE DEFENDANT:  Yes.
16            THE COURT:  For that purposes, you must be placed under
17  oath.  Please raise your right hand and be sworn.
18        (The defendant is sworn)
19            THE COURT:  Mr. Fuller, you're now under oath.  And
20  should you answer falsely any of the questions put to you during
21  this proceeding, those answers may later be used against you in
22  a prosecution for perjury or for giving a false statement.  Do
23  you understand that?
24            THE DEFENDANT:  Yes.
25            THE COURT:  What is your full name?
```

| | |
|---|---|
| 1 | THE DEFENDANT: Edmond Lee Fuller. |
| 2 | THE COURT: And how old are you? |
| 3 | THE DEFENDANT: 38 -- 39. Just turned 39. |
| 4 | THE COURT: All right. How far have you gone in |
| 5 | school? |
| 6 | THE DEFENDANT: Graduated. |
| 7 | THE COURT: From high school? |
| 8 | THE DEFENDANT: Yes. |
| 9 | THE COURT: Mr. Fuller, have you recently been treated |
| 10 | for any mental illness or addiction to narcotic drugs? |
| 11 | THE DEFENDANT: No. |
| 12 | THE COURT: Are you currently under the influence of |
| 13 | any drugs, medicine, pills, or alcoholic beverage? |
| 14 | THE DEFENDANT: No, I'm not. |
| 15 | THE COURT: Mr. Fuller, you have the right to have the |
| 16 | next higher ranking judge, a district judge, hear and consider |
| 17 | your plea; however, you may consent to my hearing your plea this |
| 18 | morning. Have you talked with Mr. Maddox about that? |
| 19 | THE DEFENDANT: Yes. |
| 20 | THE COURT: And do you wish me to take your plea this |
| 21 | morning. |
| 22 | THE DEFENDANT: Yes. |
| 23 | THE COURT: All right. For that purpose, I need both |
| 24 | of you to sign the form indicating your consent. |
| 25 | (Mr. Maddox and the defendant comply) |

```
 1              THE CLERK:  It's signed.
 2              THE COURT:  Mr. Fuller, have you received a copy of the
 3  indictment returned against you in this case?
 4              THE DEFENDANT:  Yes.
 5              THE COURT:  And have you had time to read the
 6  indictment and to discuss the charges against you with
 7  Mr. Maddox, your lawyer?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  And do you understand the charges against
10  you?
11              THE DEFENDANT:  Yes.
12              THE COURT:  Are you fully satisfied with Mr. Maddox's
13  representation of you in this case?
14              THE DEFENDANT:  Yes.
15              THE COURT:  Gentlemen, there is a plea agreement.  Do
16  we have the original?
17              MR. MADDOX:  Yes, sir.
18              THE COURT:  Mr. Fuller, I have the plea agreement.  I
19  am turning to page 12 of that agreement and showing that page to
20  you.  That appears to be your signature.  Is that your
21  signature?
22              THE DEFENDANT:  Yes.
23              THE COURT:  Before signing this plea agreement,
24  Mr. Fuller, did you have an opportunity to read it and to
25  discuss the charges against you with Mr. Maddox -- or the terms
```

```
 1  of the plea agreement with Mr. Maddox?
 2          THE DEFENDANT:  Yes.
 3          THE COURT:  And do you understand the terms of the plea
 4  agreement?
 5          THE DEFENDANT:  Yes.
 6          THE COURT:  Other than this plea agreement, Mr. Fuller,
 7  has anyone made any promise to you to get you to plead guilty?
 8          THE DEFENDANT:  No.
 9          THE COURT:  Mr. Fuller, the terms of the plea agreement
10  are not binding on the Court.  And if the Court later decides to
11  reject the plea agreement, you will not have the opportunity to
12  withdraw your guilty plea.  Do you understand that?
13      (Brief pause)
14      (Off-the-record discussion between Mr. Maddox and the
15       defendant)
16          THE DEFENDANT:  Yes.  I understand.
17          THE COURT:  All right.  Are you sure?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Other than this plea agreement, has anyone
20  made or attempted in any way to force you to plead guilty in
21  this case?
22          THE DEFENDANT:  No.
23          THE COURT:  Is the plea agreement the only agreement
24  which you have with the government?
25          THE DEFENDANT:  Yes.
```

1    THE COURT: Mr. Fuller, you are entering a plea of
2 guilty to count one of the indictment charging you with
3 possession with intent to distribute cocaine. That is a felony
4 offense. And upon conviction of that offense, you may be
5 deprived of valuable civil rights, such as the right to vote,
6 the right to hold public office, the right to sit on a jury, and
7 the right to possess any kind of firearm. Do you understand
8 that?
9    THE DEFENDANT: Yes.
10    THE COURT: Mr. Fuller, the maximum punishment for this
11 crime is a term of imprisonment of not less than five nor more
12 than 40 years, a fine of not more than $2 million, or both the
13 fine and the imprisonment. Upon release from any imprisonment,
14 you will be subject to a period of supervised release of not
15 less than four years, and you would be required to pay to the
16 Court an assessment fee in the amount of $100. Do you
17 understand the maximum punishment?
18    THE DEFENDANT: Yes.
19    THE COURT: While on supervised release, Mr. Fuller, if
20 you violate the conditions of supervised release, you can be
21 given additional time in prison. Do you understand that?
22    THE DEFENDANT: Yes.
23    THE COURT: Now, have you and Mr. Maddox talked about
24 the sentencing guidelines and how they may apply in your case?
25    THE DEFENDANT: Yes.

1   THE COURT: All right. Mr. Fuller, the Court will not
2 be able to determine the guideline sentence for your case until
3 after a presentence report is prepared and after both you and
4 the government have an opportunity to review that report and
5 challenge any facts or the application of those facts to the
6 guidelines. Do you understand that?
7   THE DEFENDANT: Yes.
8   THE COURT: Any sentence which is imposed on you,
9 Mr. Fuller, may be different from any estimate which Mr. Maddox
10 has given you. Do you understand that?
11   (Off-the-record discussion between Mr. Maddox and the
12    defendant)
13   THE COURT: Do you need more time to talk with your
14 client, Mr. Maddox?
15   MR. MADDOX: Just a moment.
16   (Off-the-record discussion between Mr. Maddox and the
17    defendant)
18   THE DEFENDANT: Okay.
19   THE COURT: Okay, what?
20   THE DEFENDANT: Yes. I understand.
21   THE COURT: In other words -- I want to make sure you
22 understand. If Mr. Maddox has told you that you are going to be
23 sentenced to a term of imprisonment between X number of months
24 and Y number of months, that doesn't mean that that's the
25 sentence that will be imposed on you. And it could be more. Do

```
 1  you understand that?
 2         THE DEFENDANT:  Yes.
 3         MR. MADDOX:  May I say one more thing to him?
 4         THE COURT:  You may, Mr. Maddox.
 5     (Off-the-record discussion between Mr. Maddox and the
 6      defendant)
 7         THE COURT:  Mr. Fuller, even after the guideline range
 8  for your case has been determined, the Court has the authority
 9  in some circumstances to impose on you a sentence which is
10  either more or less severe than the guideline sentence.  Do you
11  understand that?
12         THE DEFENDANT:  Yes.
13         THE COURT:  Mr. Fuller, if sentenced to a term of
14  imprisonment, you will not be released on parole, because parole
15  has been abolished.  Do you understand that?
16         THE DEFENDANT:  Yes.
17         THE COURT:  With regard to any right to appeal your
18  sentence, Mr. Fuller, under the terms of this plea agreement you
19  are giving up your right to appeal any sentence imposed on you
20  with three exceptions.  The first is that if the Court imposes
21  on you a sentence which is an upward departure -- that is, a
22  sentence which is above the guideline range for your case; if
23  there has been prosecutorial misconduct; or if there has been
24  ineffective assistance of counsel.  Other than those three
25  instances, you may not appeal or otherwise attack the sentence
```

1  imposed on you. Do you understand that?
2          THE DEFENDANT: Yes.
3          THE COURT: The government may, under certain
4  circumstances, appeal any sentence that is imposed on you. Do
5  you understand that?
6          THE DEFENDANT: Yes.
7          THE COURT: Mr. Fuller, you have the right to plead not
8  guilty to the charges against you and to persist in that plea.
9  You would then have the right to a trial by jury at which you
10 would be presumed innocent and the government would be required
11 to prove your guilt beyond a reasonable doubt. At that trial,
12 you would have the right to the assistance of counsel for your
13 defense, the right to see and hear all witnesses and have them
14 cross-examined in your defense, you would have the right on your
15 own part to decline to testify unless you voluntarily elected to
16 do so in your defense, and you would have the right to the
17 issuance of subpoenas or compulsory process to compel the
18 attendance of witnesses to testify in your defense. Do you
19 understand your right to a trial and the other rights that I've
20 mentioned to you?
21         THE DEFENDANT: Yes.
22         THE COURT: At that trial, Mr. Fuller, if you decided
23 to not testify or to not put on any evidence, those facts could
24 not be used against you. Do you understand that?
25         THE DEFENDANT: Yes.

1  THE COURT: Mr. Fuller, by entering a plea of guilty to
2  count one, you are giving up your right to a trial and the other
3  rights that I've mentioned to you. There will be no trial of
4  any kind. And based solely on your plea of guilty, the Court
5  will find you guilty and later impose sentence on you. Do you
6  understand that?
7  THE DEFENDANT: Yes.
8  THE COURT: At that trial, Mr. Fuller, with respect to
9  count one, the government would be required to prove beyond a
10 reasonable doubt that you knowingly and intentionally possessed
11 with the intent to distribute a controlled substance -- in this
12 instance, cocaine -- and that you possessed it with the intent
13 to distribute it. Possession with intent to distribute means
14 possession with intent to deliver or transfer possession with or
15 without any financial interest in the transaction. Do you
16 understand what the government would be required to prove at
17 trial?
18 THE DEFENDANT: Yes.
19 THE COURT: Before I can accept your plea, I must be
20 satisfied that there is a factual basis for doing so. Who wants
21 to assist the Court with that? Mr. Brown?
22 MR. MADDOX: Judge, I can probably do it fairly
23 briefly.
24 THE COURT: All right. Mr. Maddox.
25 MR. MADDOX: Edmond, did you bring about the delivery

Case 2:05-cv-00512-MHT-CSC    Document 9-4    Filed 07/22/2005    Page 11 of 13

11

```
 1  of three kilograms of cocaine hydrochloride or cocaine powder to
 2  one Samuel Baldwin in Montgomery, Alabama?
 3          THE DEFENDANT:  Yes.
 4          MR. MADDOX:  And is that the basis of the charge
 5  against you here?
 6          THE DEFENDANT:  Yes.
 7          MR. MADDOX:  And you knew it was cocaine?
 8          THE DEFENDANT:  Yes.
 9          MR. MADDOX:  All right.
10          THE COURT:  When was that?
11          MR. MADDOX:  When -- when did that delivery occur?
12          THE DEFENDANT:  I don't know the exact date.  August.
13          MR. MADDOX:  Was it in August of 2002?
14          THE DEFENDANT:  Yes.
15          MR. MADDOX:  Okay.  And you know that Montgomery is in
16  the Middle District of Alabama.
17          THE DEFENDANT:  Yes.
18          THE COURT:  The indictment charges August the 8th of
19  2002.  Is that about correct?
20          THE DEFENDANT:  Uh-huh.
21          THE COURT:  All right.  Is the government satisfied?
22          MR. BROWN:  Yes, sir.
23          THE COURT:  Mr. Fuller, I have told you the rights
24  which you have and the rights which you give up by pleading
25  guilty to count one of the indictment.  Do you still desire to
```

```
 1  plead guilty to count one of the indictment?
 2          THE DEFENDANT:  Yes.
 3          THE COURT:  Mr. Fuller, to count one of the indictment,
 4  how do you plead?
 5          THE DEFENDANT:  Guilty.
 6          THE COURT:  Mr. Fuller, the Court finds that you are
 7  fully competent and capable of entering an informed plea, that
 8  you are aware of the nature of the charge against you and the
 9  consequences of your plea, and that your plea of guilty is a
10  knowing and voluntary plea supported by an independent basis in
11  fact containing each of the essential elements of the offense.
12  I will therefore recommend that you be adjudicated guilty to
13  count one of the indictment.  You will continue in custody as
14  previously imposed on you.
15          MR. MADDOX:  Thank you.
16          THE COURT:  Anything further, Counsel?
17          MR. MADDOX:  That's all.
18          THE COURT:  Thank you.
19          THE CLERK:  Court is recessed.
20      (Proceedings concluded at 10:25 a.m.)
21                  * * * * * * * * * *
22
23
24
25
```

```
 1                COURT REPORTER'S CERTIFICATE
 2         I certify that the foregoing is a correct transcript
 3  from the record of proceedings in the above-entitled matter.
 4         This 20th day of June, 2005.
 5
 6                                    _____
                                      RISA L. ENTREKIN, RDR, CRR
 7                                    Official Court Reporter
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```