```
 1              IN THE UNITED STATES DISTRICT COURT
                              FOR
 2                 THE MIDDLE DISTRICT OF ALABAMA

 3

 4

 5   THE UNITED STATES
        OF AMERICA
 6
            vs.                    CRIMINAL ACTION NO.
 7                                 2:02-CR-137
     EDMOND LEE FULLER
 8

 9

10

11

12

13

14

15
                      SENTENCING PROCEEDINGS
16

17

18

19            *  *  *  *  *  *  *  *  *

20

21   BEFORE:      The Hon. Myron H. Thompson

22   HEARD AT:    Montgomery, Alabama

23   HEARD ON:    June 4, 2004

24   APPEARANCES: Todd Brown, Esq.

25                Bruce Maddox, Esq.
```

**MITCHELL P. REISNER, CM, CRR - (334) 265-2500**
Official U. S. District Court Reporter
**TOTAL COMPUTERIZED LITIGATION SUPPORT & INSTANT TRANSLATION**

```
 1  WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE
    THE HON. MYRON H. THOMPSON ON JUNE 4, 2004 AT THE
 2  UNITED STATES COURTHOUSE IN MONTGOMERY, ALABAMA:

 3

 4              THE COURT:  The Court calls the case of

 5  United States of America vs. Fuller, criminal action

 6  number 2:02-CR-137-T.

 7              Is this Mr. Fuller?

 8              MR. MADDOX:  Yes, sir.

 9              THE COURT:  Now, Mr. Fuller, have you

10  reviewed the presentence report, including any

11  revisions that may have been made after the initial

12  disclosure?

13              THE DEFENDANT:  Yeah.

14              MR. MADDOX:  Your Honor, we have reviewed it

15  and hopefully we've resolved any disagreements

16  regarding that.

17              THE COURT:  Okay.  Now there was a plea

18  agreement in this case, is that correct?

19              MR. MADDOX:  Yes, sir.

20              THE COURT:  State what the plea agreement

21  was.

22              MR. BROWN:  Your Honor, the plea agreement

23  was an agreement that basically did not list a

24  particular level of downward departure but did call

25  for a downward departure based on evaluation of the
```

```
 1  defendant's cooperation, and that has been done.  The
 2  Government has filed a 5K motion for a three level
 3  reduction based on that cooperation.
 4          THE COURT:  Okay.  Now -- And, Probation, is
 5  this plea agreement in conformity with the Sentencing
 6  Reform Act?
 7          THE PROBATION OFFICER:  Yes, sir, Your
 8  Honor.
 9          THE COURT:  Now, there was a dispute with
10  regard to the amount of drugs for which the defendant
11  should be held accountable?
12          MR. MADDOX:  Yes, sir.
13          THE COURT:  You're saying you've revolved
14  that?
15          MR. MADDOX:  We believe we have, Judge.  Mr.
16  Brown and I talked a long time yesterday, and we did
17  some search last night.  It appears that two things
18  affect the sentence in this case:  One being, of
19  course, quantity, and we can point to the -- there's
20  mention of a quantity of three hundred kilograms in
21  the presentence report.  In looking at the actual
22  evidence, that may not quite bear out.  But there is
23  also mention that the defendant admitted a quantity of
24  approximately twenty kilograms over a period of years.
25          THE COURT:  Right.  I think he's supposed to
```

```
 1  have admitted that to the probation officer.
 2          MR. MADDOX:  Yes, sir, which would have put
 3  him at level thirty-four.
 4          Additionally, although I'm trying to find
 5  ways that he's not, he does qualify under the career
 6  offender provision.
 7          THE COURT:  Right.
 8          MR. MADDOX:  And as a result of that, his
 9  level would also be thirty-four, because the maximum
10  sentence is forty years, and above twenty-five is a
11  level thirty-four.  So we think that we and the
12  Government, at least, can agree that he should be at
13  level thirty-four.
14          THE COURT:  Let me see now -- Now if we held
15  him accountable for twenty kilos, that would put him
16  at what -- plus the career offender, that would put
17  him at level thirty-four you're saying?
18          MR. MADDOX:  Yes, sir.
19          THE COURT:  What does Probation say about
20  this?
21          THE PROBATION OFFICER:  Your Honor, I spoke
22  with the A. U. S. A. this morning, and I agree that it
23  should be level thirty-four.
24          THE COURT:  Okay.
25          Now tell me how you calculated thirty-four.
```

1         MR. BROWN: Your Honor, if I may. Actually,
2    level thirty-four is calculated either based on the
3    twenty kilogram quantity, because that's where it
4    would fall under the guidelines, but it also would be
5    a career offender situation where that would be the
6    required sentence. It would be a level thirty-four
7    anyway because it's a sentence of twenty-five or plus
8    years.
9         So either way, calculated either way, either
10   the twenty kilograms or the career offender would be a
11   level thirty-four.
12        THE COURT: Okay. That would be level
13   thirty-four -- right. That's the base offense level,
14   right?
15        MR. MADDOX: Yes, sir.
16        THE COURT: Then he gets the three level
17   reduction for acceptance of responsibility?
18        MR. MADDOX: Yes, sir.
19        THE COURT: And then the three level
20   downward departure for substantial assistance, which
21   would put him at twenty-eight.
22        MR. MADDOX: Yes, sir.
23        THE COURT: Okay. And so I should sentence
24   him at a level twenty-eight?
25        MR. BROWN: Ultimately that is correct.

```
 1              MR. MADDOX:  Yes, sir.
 2              THE COURT:  Now the twenty-eight level, does
 3   that include the motion for downward departure
 4   pursuant to 5K1.1?
 5              MR. BROWN:  Yes, sir.  Both that and the
 6   Government's motion for the additional level for
 7   acceptance of responsibility.
 8              THE COURT:  And that would give him a
 9   guideline range of what?
10              THE PROBATION OFFICER:  One-forty to one
11   hundred seventy-five months.
12              THE COURT:  One-forty to one seventy-five.
13              THE PROBATION OFFICER:  Yes, sir.
14              THE COURT:  And what are you recommending?
15              THE PROBATION OFFICER:  One-forty.
16              THE COURT:  One-forty.
17              THE COURT:  Okay.  Why one-forty?
18              THE PROBATION OFFICER:  Your Honor, based on
19   his -- He has an extensive criminal history, however
20   based on his cooperation, he was cooperative with me
21   while interviewing him, and based on those facts I
22   feel that a one hundred and forty-five months --
23              THE COURT:  You said one forty or one
24   hundred forty-five --
25              THE PROBATION OFFICER:  Excuse me, one
```

```
 1  hundred forty months, I think that sentence is
 2  appropriate.
 3          THE COURT:  Government?
 4          MR. BROWN:  Your Honor, we would leave it to
 5  the discretion of the Court and based on Probation's
 6  recommendation.
 7          THE COURT:  Defense?
 8          MR. MADDOX:  Your Honor, I might add that we
 9  would urge you to sentence at one-forty also and add
10  the information that the defendant's cooperation is
11  ongoing.  He has been doing for almost the past two
12  years since he was arrested, been working actively to
13  cooperate with the Government and continues to do so.
14          THE COURT:  My primary concern is his
15  extensive criminal career.  He's had many
16  opportunities to reform but apparently has not done
17  that.
18          MR. MADDOX:  Your Honor, he has, but in
19  addition to whatever sentence you impose on him, he's
20  facing sanctions for the fact that he was on probation
21  when he was --
22          THE COURT:  What do you mean "sanctions"?
23          MR. MADDOX:  He will receive additional
24  state time when he gets back to California.
25          THE COURT:  Okay.  Do you have a revised
```

```
 1  proposed sentence, Statement of Reasons and --
 2          THE PROBATION OFFICER:  Your Honor, it's
 3  partially completed, I will complete it at this time.
 4          THE COURT:  How much time do you need to
 5  complete it?
 6          THE PROBATION OFFICER:  Probably about two
 7  minutes, Your Honor.
 8          THE COURT:  Certainly.
 9          I'll accept your recommendation of a hundred
10  and forty months.  If you'll complete the proposed
11  sentence, Miss Thompson.  Just complete the proposed
12  sentence and let me have it as soon as you complete
13  it.
14          THE PROBATION OFFICER:  Yes, sir.
15          (Whereupon, a recess was taken.)
16          THE COURT:  The Court is ready to announce
17  the proposed sentence.  I'll give the defendant
18  another opportunity to make comments before I decide
19  whether to impose the sentence as announced.
20          Is there anything the defendant would like
21  to say at this time?
22          THE DEFENDANT:  No.
23          THE COURT:  The Court finds that the offense
24  level is thirty-one, the criminal history category is
25  six, the guideline range is one hundred and
```

```
 1  eighty-eight to two hundred and thirty-five months and
 2  the fine range is from fifteen thousand to two million
 3  dollars.  The Court finds the Government's motion for
 4  downward departure pursuant to 5K1.1 based on the
 5  defendant's substantial assistance to the Government
 6  should be granted.
 7           The Court finds the guideline level should
 8  be twenty eight, which when combined with the criminal
 9  history category creates a guideline range from one
10  hundred and forty to one hundred and seventy-five
11  months and a fine range from twelve thousand five
12  hundred to two million dollars.
13           Accordingly, pursuant to the Sentencing
14  Reform Act of 1984 it is the order, judgment and
15  decree of the Court that the defendant, Edmond Lee
16  Fuller, is committed to the custody of the federal
17  Bureau of Prisons to be imprisoned for a total term of
18  one hundred and forty months.  The Court recommends
19  that the defendant be designated to a facility where
20  intensive residential abuse treatment is available.
21           It is further ordered that the defendant
22  shall pay to the United States District Court Clerk a
23  special assessment fee of one hundred dollars, which
24  is due immediately.  Furthermore, because of his
25  inability to pay, the Court waives the imposition
```

```
 1  position of a fine.
 2          It is further ordered that upon release from
 3  imprisonment the defendant shall be placed on
 4  supervised release for a term of five years.  Within
 5  seventy-two hours of release from custody, the
 6  defendant shall report to the probation office in the
 7  district to which he is released.
 8          It is further ordered that while on
 9  supervised release the defendant shall comply with the
10  mandatory and standard conditions of supervised
11  release on file with the Court.
12          The Court also orders the following special
13  conditions.  The defendant shall participate in drug
14  testing and treatment as directed by his supervising
15  probation officer.  He shall contribute to the cost of
16  any treatment based on his ability to pay and the
17  availability of third party payments.
18          He shall submit to a search of his person,
19  residence, office and vehicle pursuant to the search
20  policy of the Court.
21          The Court also finds there is no
22  identifiable victim who incurred a financial loss as a
23  result of this offense.
24          The sentence is imposed at one hundred and
25  forty months because of the level of cooperation with
```

1   law enforcement officers, and continuing cooperation
2   with the Government.
3           Now at this time I ask you, Mr. Fuller, are
4   there any objections to the sentence imposed or to the
5   manner in which the Court pronounced it other than
6   those objections previously stated for the record?
7   For example, do you have any objection to the Court's
8   ultimate findings of fact or conclusions of law?
9   Furthermore, you are instructed that if you have an
10  objection, you must not only state the objection, you
11  must give the ground for the objection.
12          MR. MADDOX:  There are no further
13  objections, Your Honor.
14          THE COURT:  Do you have anything to say as
15  toe why the sentence as announced should not be
16  imposed, or do you have anything to say in mitigation
17  of the sentence?
18          THE DEFENDANT:  No, sir.
19          THE COURT:  It is the order, judgment and
20  decree of the Court that the sentence as announced is
21  hereby imposed.
22          Now you have ten days to file any notice of
23  appeal, to the degree that you have a right to appeal.
24  If you cannot afford the cost of an appeal, the Court
25  will allow you to appeal at no cost, including

```
 1  furnishing you with a free transcript and a free
 2  attorney.  You are in the custody of the marshal.
 3          MR. BROWN:  Your Honor, the Government has
 4  two housekeeping matters to take up.  One is that the
 5  Government did file the motion for the one point
 6  additional acceptance of responsibility point.  The
 7  Court did include that in its calculation.  We did
 8  file that motion.
 9          THE COURT:  That motion is granted.
10          MR. BROWN:  And the second, on March 18 John
11  Harman filed a motion to strike the forfeiture
12  allegations which is included in the indictment.
13          THE COURT:  Have I entered an order on that?
14          MR. BROWN:  As of today that order has not
15  been entered.
16          THE COURT:  Okay.  Any objection to that
17  motion?
18          MR. MADDOX:  No, sir.
19          THE COURT:  That motion is granted.
20          MR. BROWN:  Thank you, Your Honor.
21          (Whereupon, the proceedings were concluded.)
22
23
24                  * * * * * * * * *
25
```

```
 1
 2              COURT REPORTER'S CERTIFICATE
 3
 4         I certify that the foregoing is a correct
 5   transcript from the record of proceedings in the
 6   above-entitled matter as prepared by me to the best of
 7   my ability.
 8
 9         I further certify that I am not related to
10   any of the parties hereto, nor their counsel, and I
11   have no interest in the outcome of said cause.
12
13         Dated this 21st day of June 2005.
14
15                    [signature]
                  MITCHELL P. REISNER, CM, CRR,
16                Official US Dist. Court Reporter
                  Registered Professional Reporter
17                Certified   Real-Time   Reporter
18
19
20
21
22
23
24
25
```

MITCHELL P. REISNER, CM, CRR - (334) 265-2500
Official U. S. District Court Reporter
TOTAL COMPUTERIZED LITIGATION SUPPORT & INSTANT TRANSLATION