Edmond Lee Fuller
11085-002
FCI Manchester
P.O. Box 3000
Manchester, Kentucky 40962

RECEIVED

2005 AUG 15  P 2: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST OF ALA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>vs<br><br>EDMOND LEE FULLER,<br><br>Defendant-Petitioner. | CASE NO. 2:05cv512-T<br>CR NO. 02-0137-N<br><br>PETITIONER'S REPLY TO<br>RESPONDENT'S RESPONSE TO<br>MOTION UNDER 28 USC § 2255. |

Defendant-Petitioner Edmond Lee Fuller (Hereinafter, "Fuller") submits this, his Reply to Respondent's Response to Fuller's 2255 motion.

Respondent submits that Fuller waived his right to post-conviction review in his plea agreement. However, whether the waiver was knowing and intelligent, when what was being waived was the right to appeal errors that had yet to occur, should be considered. Fuller submits that the appeal waiver (before the fact) was not knowing and intelligent. Appeal waivers offend judicial integrity by foreclosing from review errors surrounding a defendant's sentence.

Respondent submits that Fuller's claims are procedurally barred because his claims were not raised on direct appeal. However, the Court in ***Kaufman v. United States***, 394 US 217, 22 L.Ed 2d 227, 89 S.Ct.1068 (1969) held that Federal Habeas Corpus relief is not to be denied to

1

prisoners alleging constitutional deprivations solely on the ground that relief should have been sought by appeal. The court also stated that "Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions." ...

Respondent further submits that Fuller fails to establish either deficient performance or prejudice within the meaning of **Strickland v. Washington**, 466 U.S. 668 (1984). The Court held in **Martin v. United States**, 81 F.3d 1083 (11th Cir.) that even though Martin had plead guilty he was entitled to his direct appeal, and having requested his attorney to file the appeal, the attorney not doing so constituted ineffective assistance of counsel and that Martin was entitled to file an Out-of-Time Appeal. Furthermore, a defendant was not required to show prejudice under Strickland, if he instructed his lawyer to appeal and his lawyer failed to do so.

Fuller submits that counsel's deficient performance prejudiced him, resulting in an unreliable or fundamentally unfair outcome of the proceedings and that he was prejudiced because he was deprived, not of effective assistance of counsel, but of any assistance of counsel on appeal.

For the points of authority and reasons stated herein and in Fuller's 2255 motion, the sentence imposed on Defendant-Petitioner Edmond Lee Fuller cannot be sustained and he is entitled to a vacation of the sentence so that time for the appeal may start running again.

An evidentiary hearing is requested to determine the issues presented herein and Fuller respectfully requests that counsel be appointed to represent him in any future hearings or proceedings.

Respectfully submitted this ___9TH___ day of August, 2005.

_____Edmond Fuller_____
Edmond Lee Fuller, pro se

2

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Reply and any attachments has been sent this 9TH day of August, 2005 by placing the same in the United States Mail, First Class postage prepaid for delivery to;

Todd A. Brown
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104

_____
Edmond Lee Fuller